In the Matter of the Adoption of Deborah Jean Jackson and Pamela Kay Jackson, Minors.

Charles Monroe Jackson, Jr. and Norma Faye Jackson

*v.*

Gerald Ray Goad.

364 S. W. 2d 906

(*Nashville,* December Term, 1962.)

Opinion filed February 7, 1963.

Chandler, Manire & Chandler, Memphis, for petitioners.

BESS BLAKE, General Counsel, Department of Public Welfare, Nashville, amicus curiae.

MR. JUSTICE WHITE delivered the opinion of the Court.

The Chancellor was of the opinion that this Court should construe the statutes hereinafter considered for the purpose of laying at rest any controversy that might arise in the future about the validity of the adoption sought to be accomplished herein. He, therefore, dismissed the petition in order that an appeal might be perfected. The Court of Appeals entertained the same view and consequently affirmed the action of the Chancellor. Upon proper petition therefor, we have granted certiorari and have heard oral argument. We have also permitted by order of this Court the appearance of Miss Bess Blake, Solicitor for Department of Public Welfare as Amicus Curiae.

The Chancellor found that the petition of Charles Monroe Jackson, Jr. and Norma Faye Jackson was filed on May 1, 1961 for the adoption of Deborah Jean Jackson

and Pamela Kay Jackson, the names of the children used for the proceedings, and that service of process was had against the respondent, Gerald Ray Goad, by publication, he being the natural father of said minor children. The Chancellor then considered the testimony of petitioners heard in open Court, the confidential reports of the County Director of Public Welfare, filed pursuant to order of reference theretofore entered. From all of this he found that all necessary parties were properly before the Court and that the petitioners met the requirements of the statute with reference to residence, age, etc. He also found that the petitioner, Norma Faye Jackson, was granted a divorce from the respondent, Gerald Ray Goad, in the Circuit Court for the County of Ingram, Michigan, on November 4, 1955 and was awarded the custody of the children sought to be adopted in this proceeding. They are the natural children of petitioner, Norma Faye Jackson. The petitioner, Charles Monroe Jackson, Jr., acquired custody of the children on the 25th day of November, 1959, when he married the natural mother. She had given proper consent for the adoption. He further found that Gerald Ray Goad had willfully abandoned said children for more than four (4) consecutive months immediately preceding the filing of the petition for adoption. Goad, a non-resident of Tennessee, did not appear but service was had on him by publication.

Finally, the Court stated that it would be willing to waive the granting of an interlocutory decree and grant a final order of adoption under 36-124 T.C.A. if such could be done, but an interlocutory decree or a final decree not having been issued within six (6) months of the filing of the petition as provided for under T.C.A. 36-119,

the Court found that the original petition filed herein must be dismissed.

The County Director of Public Welfare was named by the Court as next friend as provided by T.C.A. 36-112. Proper investigation of the parties was made by said Director and answer filed approving the proposed adoption.

The appellants contend that under T.C.A. 36-124, as amended, the Chancellor had full authority to grant a final decree of adoption.

T.C.A. 36-119 provides that an interlocutory decree "must be issued within six (6) months of the filing of the petition unless a final order is entered as provided in sec. 36-124". The third paragraph of said Section 36-124 provides:—"[T]he court may, in its discretion, waive the entering of the interlocutory decree and the probationary period and grant a final order of adoption when the child is by blood a grandchild, a nephew or niece of one of the petitioners or is the stepchild of the petitioner."

It is shown in this record that these two children are the stepchildren of the petitioner, Charles Monroe Jackson, Jr. Therefore, the Court had the authority to waive the entering of the interlocutory decree and the probationary period and grant a final order of adoption.

In the case of *In re Petition to Adopt Clements* (1956), 201 Tenn. 98, 296 S.W.2d 875, we held that it was mandatory to enter the interlocutory decree provided for in T.C.A. 36-119. However, this case was decided prior to the 1961 amendment to the Act now set out as T.C.A. 36-124.

We do not believe any irreconcilable conflict exists between T.C.A. 36-119 and T.C.A. 36-124, as amended.

Paragraph 1 of 36-119 provides:

"Upon examination of the written report required in sec. 36-118, the court *may* issue in triplicate an interlocutory decree of adoption giving the care and custody of the child to the petitioners. Such interlocutory decree must be issued within six (6) months of the filing of the petition *unless a final order is entered as provided in sec. 36-124,* giving all the information hereinafter required." (Emphases supplied.)

■ We construe this paragraph to mean that an interlocutory decree is not mandatory but *may* be issued, but if it is issued, it must be issued within six (6) months of the filing of the petition. However, the interlocutory decree may be waived and final decree of adoption entered in conformity with 36-124; that is, not less than six (6) months after the petition to adopt has been filed, stating that the interlocutory decree has been waived and the child has been in the home of the petitioner a year.

■ Paragraph 3 of Section 36-124 deals with adoption by relatives and it says that the Court may, in its discretion, waive the entering of the interlocutory decree and the probationary period and grant a final order of adoption when the child is by blood a grandchild, nephew, or niece of one of the petitioners or is a stepchild of the petitioner. However, the provision that no final decree shall be entered for six (6) months after filing the petition for adoption does not apply to adoptions under this paragraph.

The action of the Court of Appeals in affirming the action of the Chancelor in dismissing the petition herein for adoption is reversed and this case is remanded to the Chancery Court for the entry of a final decree of adoption in accordance with this opinion. The cost of this appeal will be borne by the appellants.